```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   Case No. 92-6138-CR-ZLOCH/Snow
```

ORLANDO KEITH CHAFF,

       Petitioner,

       vs.

UNITED STATES OF AMERICA,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Motion Under Federal Rule of Civil Procedure 60(b)(4) [to] Void Judgment (Docket Entry 497), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

Orlando Chaff was charged by second superseding indictment with conspiracy to affect commerce by extortion, in violation of 18 U.S.C. § 1951 (Count 1); attempting to affect commerce by extortion, in violation of 18 U.S.C. §§ 1951 and 2 (Count 2); conspiracy to affect commerce by robbery, in violation of 18 U.S.C. § 1951 (Count 3); attempting to affect commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count 4); conspiracy to kidnap, in violation of 18 U.S.C. § 1201(c) (Count 5); traveling in interstate commerce with the intent to commit a crime of violence, in violation of 18 U.S.C. § 1952 (Count 6); using a facility in interstate commerce with the intent to commit

a crime, in violation of 18 U.S.C. §1952 (Count 8); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and (2) (Count 10), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 2 (Count 12).

The defendant pled guilty to counts 4, 5, 10 and 12. He subsequently sought to withdraw his guilty plea. After a hearing, the motion was denied. He was sentenced to 150 months of imprisonment on counts 4 and 5 to run concurrently; 180 months of imprisonment on count 12 to run concurrently with counts 4 and 5; 60 months of imprisonment on count 10, to run consecutively to counts 4, 5 and 12, and five years of supervised release. The conviction and sentences were affirmed on appeal in an unpublished opinion. <u>Chaff v. United States</u>, 108 F.3d 342 (11th Cir. 1997).

Thereafter Mr. Chaff filed two pro se motions pursuant to 28 U.S.C. § 2255, which were considered together. In Case No. 97-7124-Civ-ZLOCH, he raised four grounds of ineffective assistance of counsel: (1) misrepresenting the possible sentence to persuade the defendant to change his plea; (2) failing to investigate whether the defendant met the qualifications for Armed Career Criminal enhancement; (3) misrepresenting the terms of the plea agreement and advising him not to worry about the questions and warnings given by the Court in the plea colloquy, and (4) providing false testimony at the subsequent plea withdrawal hearing and submitting a fraudulent C.J.A. voucher. In Case No. 97-7269-CR-ZLOCH, he

challenged the constitutionality of his convictions entered in the Circuit Court of Cook County, Illinois, for ten armed robberies. The two motions were denied on December 15, 1998. The order was not appealed.

On March 3, 2006, Mr. Chaff filed a petition for writ of coram nobis, asserting that, owing to errors in the indictment underlying his conviction, the Court lacked jurisdiction to enter a judgment against him. He also challenged the sufficiency of the factual basis of his guilty plea.  The Court denied the motion. The Eleventh Circuit Court of Appeals affirmed the Court's order, noting that a writ of coram nobis was not available to a prisoner in custody, who must obtain relief pursuant to  28 U.S.C. § 2255. This opinion was entered March 12, 2008, and mandate issued May 7, 2008.

Mr. Chaff filed the instant motion on April 22, 2008, seeking to reopen the Court's December 15, 1998, denial of his § 2255 motion, asserting that, owing to errors in the indictment underlying his conviction the Court lacked jurisdiction to enter a judgment against him.

## II.   RECOMMENDATIONS OF LAW

Fed.R.Civ.P. 60(b)(4) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void . . .." Mr. Chaff states that he wants to reopen the judgment of December 15, 1998, the

3

Order denying his motion pursuant to 28 U.S.C. § 2255. He asserts that the December 15, 1998, Order must be reopened because the judgment is void owing to the Court's lack of jurisdiction.

The Court notes that the instant motion actually is directed to the conviction and sentence, rather than to his § 2255 motion. This is clear from the manner in which the motion was presented to the Court. First, Mr. Chaff did not file the motion under the civil case number for the § 2255 motion, but filed it under the case number for the criminal case. Second, he does not contend that the Court lacked jurisdiction over his motion filed pursuant to 28 U.S.C. § 2255. Third, he does not assert that there was any error in the denial of his § 2255 motion. Instead he discusses whether the indictment failed to include all of the elements of the Hobbs Act, 18 U.S.C. § 1951. He concludes, "[a]n indictment which fails to charge a federal offense is not waived by a guilty plea and is a jurisdictional error that divests the sentencing court of jurisdiction." (DE 497, p.3)

Since Mr. Chaff is challenging the jurisdiction of the sentencing court in his criminal conviction, he cannot seek relief pursuant to Fed.R.Civ.P. 60(b).

> The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature . . .." Fed.R.Civ.P. 1. Moreover, it is well established that the Federal Rules of Civil Procedure do *not* provide relief from a judgment in a criminal case. *United States v. Mosavi*, 138 F.3d 1365, 1365-66 (11th Cir. 1998)("finding that the district court lacked the subject matter jurisdiction necessary to

> provide Rule 60(b) relief" because a defendant could not challenge a criminal forfeiture order using the rules of civil procedure).

United States v. Martinez, 210 Fed. Appx. 861, 2006 WL 3623699 at *2 (11th Cir. 2006).

Indeed, the Eleventh Circuit Court of Appeal, considering Mr. Chaff's argument in his petition for writ of coram nobis, that the district court lacked jurisdiction over the criminal case owing to defects in the indictment, held that his claim must be made pursuant to 28 U.S.C. § 2255.  The appellate court further noted that since Mr. Chaff had already filed one § 2255 motion, he was required to seek leave from the appellate court in order to file a second § 2255 motion.  United States v. Garcia, 181 F.3d 1274, 1275 (11th Cir. 1999).

Instead, Mr. Chaff presented his claim as an attempt to reopen his prior § 2255 motion, pursuant to Fed.R.Civ.P. 60(b)(4). But the motion clearly challenges his criminal conviction and sentence. The Court lacks subject matter jurisdiction to consider this claim pursuant to Fed.R.Civ.P. 60(b)(4).  Mosavi, 138 F.3d at 1365.  The motion must be denied. Id.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Motion Under Federal Rule of Civil Procedure 60(b)(4) [to] Void Judgment (Docket Entry 497) be DENIED for lack of subject matter jurisdiction.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William J. Zloch, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 19th day of June, 2008.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Orlando Keith Chaff, pro se
AUSA Michael Walleisa